UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GENESIS VENTURE LOGISTICS, LLC** | **CIVIL ACTION NO. 2:19-cv-13293** |
| **versus** | **SECTION:  MAG. DIV.:** |
| **DUNHAM-PRICE GROUP, LLC AND DP AGGREGATES, LLC** | **JUDGE** |
| | **MAG.** |

**DUNHAM-PRICE GROUP, LLC AND DP AGGREGATES, LLC'S ANSWER TO COMPLAINT FOR DAMAGES OF GENESIS VENTURE LOGISTICS, LLC**

**NOW INTO COURT**, through undersigned counsel, come Defendants Dunham-Price Group, LLC and DP Aggregates, LLC ("DP Aggregates"), who file this Answer to Complaint for Damages of Genesis Venture Logistics, LLC ("Genesis"), and aver as follows:

**FIRST DEFENSE**

Genesis' Complaint fails to state a claim upon which relief can be granted.

**ANSWER**

**AND NOW,** DP Aggregates, denying all liability or fault, responds to the specific allegations in Genesis' Complaint as follows:

1.

Paragraph 1 is denied for lack of sufficient information to justify a belief therein.

{N3922160.1}

2.

Paragraph 2 is admitted only insofar as Dunham-Price Group, LLC is a Louisiana limited liability company with its principal place of business in Westlake, Louisiana. It is specifically denied that the entity Dunham-Price Group, LLC was involved or otherwise implicated in this dispute.

3.

Paragraph 3 is admitted insofar as DP Aggregates, LLC is a Louisiana limited liability company with its principal place of business in Westlake, Louisiana.

4.

Paragraph 4 is comprised of legal conclusions which do not require a response on the part of DP Aggregates. However, in the event that a response on the part of DP Aggregates is required, DP Aggregates submits that this Court has jurisdiction pursuant to 28 U.S.C. §1333.

5.

The allegations of Paragraph 5 are admitted.

6.

The allegations contained in Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 are admitted insofar as concrete is one product or service of several offered by DP Aggregates.

8.

The allegations contained in Paragraph 8 do not require a response on the part of DP Aggregates. However, to the extent that a response on the part of DP Aggregates is required, the allegations contained in Paragraph 8 are admitted.

9.

The allegations contained in Paragraph 9 are admitted only insofar as DP Aggregates and Kiewit Louisiana Co. entered into a contract related to the Venture Global Calcasieu Pass, LLC project. DP Aggregates specifically avers that the referenced contract is the best evidence of the terms thereof.

10.

The allegations contained in Paragraph 10 are admitted only insofar as DP Aggregates and Kiewit Louisiana Co. entered into a contract related to the Venture Global Calcasieu Pass, LLC project. DP Aggregates specifically avers that the referenced contract is the best evidence of the terms thereof.

11.

The allegations contained in Paragraph 11 are admitted only insofar as DP Aggregates and Genesis Venture Logistics entered into a Barge Transportation Agreement related to the Venture Global Calcasieu Pass, LLC project. DP Aggregates specifically avers that the referenced contract is the best evidence of the terms thereof.

12.

The allegations contained in Paragraph 12 consist of legal conclusions which do not require a response on the part of DP Aggregates.

13.

The allegations contained in Paragraph 13 do not require a response on the part of DP Aggregates. DP Aggregates specifically avers that the referenced contracts are the best evidence of the terms thereof. Subject to the foregoing, DP Aggregates admits that DP Aggregates contracted with both Kiewit Louisiana Co. and Genesis.

14.

The allegations contained in Paragraph 14 are denied as written. DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

15.

The allegations contained in Paragraph 15 are denied.

16.

The allegations contained in Paragraph 16 are denied for lack of sufficient information to justify a belief therein. DP Aggregates further avers that the referenced contract is the best evidence of the terms thereof.

17.

The allegations contained in Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 18 are denied as written. DP Aggregates specifically avers that the referenced documents are the best evidence of the terms thereof.

19.

The allegations contained in Paragraph 19 are denied as written. DP Aggregates specifically avers that the referenced documents are the best evidence of the terms and contents thereof.

20.

The allegations contained in Paragraph 20 are denied and/or are denied for lack of sufficient information to justify a belief therein. DP Aggregates specifically avers that the referenced documents are the best evidence of the terms and contents thereof.

21.

The allegations contained in Paragraph 21 are denied.

22.

The allegations contained in Paragraph 22 are denied and/or are denied for lack of sufficient information to justify a belief therein. DP Aggregates specifically avers that the referenced documents are the best evidence of the terms and contents thereof.

23.

The allegations contained in Paragraph 23 are denied and/or are denied for lack of sufficient information to justify a belief therein. DP Aggregates specifically avers that the referenced documents are the best evidence of the terms and contents thereof.

24.

The allegations contained in Paragraph 24 are denied.

25.

The allegations contained in Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations contained in Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in Paragraph 27 are denied and/or are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph 28 are denied as written.

29.

The allegations contained in Paragraph 29 are denied. DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

30.

The allegations contained in Paragraph 30 are denied and/or are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in Paragraph 31 are denied.

32.

The allegations contained in Paragraph 32 are denied.

33.

The allegations contained in Paragraph 33 are denied. DP Aggregates objects to the improper characterization of the terms of the Barge Transportation Agreement, and DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

34.

The allegations contained in Paragraph 34 are denied. DP Aggregates objects to the improper characterization of the terms of the Barge Transportation Agreement, and DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

35.

The allegations contained in Paragraph 35 are denied.

36.

The allegations contained in Paragraph 36 are denied.

37.

The allegations contained in Paragraph 37 are denied. DP Aggregates objects to the improper characterization of the terms of the Barge Transportation Agreement, and DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

38.

The allegations contained in Paragraph 38 are denied.

39.

The allegations contained in Paragraph 39 are denied. DP Aggregates objects to the improper characterization of the terms of the Barge Transportation Agreement and of the work performed, and DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

40.

The allegations contained in Paragraph 40 are denied. DP Aggregates objects to the improper characterization of the terms of the Barge Transportation Agreement, and DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

41.

The allegations contained in Paragraph 41 are denied. DP Aggregates objects to the improper characterization of the terms of the Barge Transportation Agreement, and DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

42.

The allegations contained in Paragraph 42 are denied. DP Aggregates objects to the improper characterization of the terms of the Barge Transportation Agreement, and DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

43.

The allegations contained in Paragraph 43 are denied. DP Aggregates objects to the improper characterization of the terms of the Barge Transportation Agreement, and DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

44.

The allegations contained in Paragraph 44 are denied. DP Aggregates objects to the improper characterization of the terms of the Barge Transportation Agreement, and DP

Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

45.

The allegations contained in Paragraph 45 are denied. DP Aggregates specifically avers that Tommy Henry was an employee and/or agent of Genesis working at all times relevant hereto for and on behalf of Genesis. DP Aggregates denies that Tommy Henry was either an agent or an employee of DP Aggregates, or that Tommy Henry ever acted on behalf of DP Aggregates.

46.

The allegations contained in Paragraph 46 are denied.

47.

The allegations contained in Paragraph 47 are denied.

48.

The allegations contained in Paragraph 48 are denied.

49.

The allegations contained in Paragraph 49 are denied.

50.

The allegations contained in Paragraph 50 are denied for lack of sufficient information to justify a belief therein.

51.

The allegations contained in Paragraph 51 are denied. DP Aggregates objects to the improper characterization of the terms of the Barge Transportation Agreement, and DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

52.

The allegations contained in Paragraph 52 do not require a response on the part of DP Aggregates. To the extent that a response on the part of DP Aggregates is required, the allegations contained in Paragraph 52 are denied.

53.

The allegations contained in Paragraph 53 are denied. DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

54.

The allegations contained in Paragraph 54 are denied. DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

55.

The allegations contained in Paragraph 55 are denied.

56.

The allegations contained in Paragraph 56 are denied as written.

57.

The allegations contained in Paragraph 57 are denied.

58.

The allegations contained in Paragraph 58 are denied.

59.

The allegations contained in Paragraph 59 do not require a response on the part of DP Aggregates. To the extent that a response on the part of DP Aggregates is required, the allegations contained in Paragraph 59 are denied.

60.

The allegations contained in Paragraph 60 are denied. DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

61.

The allegations contained in Paragraph 61 are denied as written.

62.

The allegations contained in Paragraph 62 are denied. DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

63.

The allegations contained in Paragraph 63 are denied.

64.

The allegations contained in Paragraph 64 do not require a response on the part of DP Aggregates. To the extent that a response on the part of DP Aggregates is required, the allegations contained in Paragraph 64 are denied.

65.

The allegations contained in Paragraph 65 are denied. DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

66.

The allegations contained in Paragraph 66 are denied.

67.

The allegations contained in Paragraph 67 are denied. DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

68.

The allegations contained in Paragraph 68 are denied.

69.

The allegations contained in Paragraph 69 are denied.

70.

The allegations contained in Paragraph 70 are denied.

71.

The allegations contained in Paragraph 71 do not require a response on the part of DP Aggregates. To the extent that a response on the part of DP Aggregates is required, the allegations contained in Paragraph 71 are denied.

72.

The allegations contained in Paragraph 72 are denied.

73.

The allegations contained in Paragraph 73 are denied.

74.

The allegations contained in Paragraph 74 are denied.

75.

The allegations contained in Paragraph 75 do not require a response on the part of DP Aggregates. To the extent that a response on the part of DP Aggregates is required, the allegations contained in Paragraph 75 are denied.

76.

The allegations contained in Paragraph 76 are denied. DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

77.

The allegations contained in Paragraph 77 are denied. DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

78.

The allegations contained in Paragraph 78 are denied. DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

79.

The allegations contained in Paragraph 79 are denied.

80.

The allegations contained in Paragraph 80 are denied.

81.

The allegations contained in Paragraph 81 are denied.

82.

The allegations contained in Paragraph 82 are denied.

83.

The allegations contained in Paragraph 83 are denied.

84.

The allegations contained in Paragraph 84 are denied.

85.

The allegations contained in Paragraph 85 are denied. DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

86.

The allegations contained in Paragraph 86 are denied. DP Aggregates specifically avers that the Barge Transportation Agreement is the best evidence of the terms thereof.

87.

The allegations contained in Paragraph 87 do not require a response on the part of DP Aggregates. To the extent that a response on the part of DP Aggregates is required, the allegations contained in Paragraph 87 are denied.

88.

The allegations contained in Paragraph 88 are denied.

89.

The allegations contained in Paragraph 89 are denied.

90.

The allegations contained in Paragraph 90 are denied for lack of sufficient information to justify a belief therein.

91.

The allegations contained in Paragraph 91 are denied for lack of sufficient information to justify a belief therein.

92.

The allegations contained in Paragraph 92 are denied.

93.

The allegations contained in Paragraph 93 are denied.

94.

The allegations contained in Paragraph 94 are denied.

95.

The allegations contained in Paragraph 95 are denied.

96.

The allegations contained in Paragraph 96 do not require a response on the part of DP Aggregates. To the extent that a response on the part of DP Aggregates is required, the allegations contained in Paragraph 96 are denied.

97.

The allegations contained in Paragraph 97 are denied.

98.

The allegations contained in Paragraph 98 are denied.

99.

The allegations contained in Paragraph 99 are denied.

100.

The allegations contained in Paragraph 100 are denied.

101.

The allegations contained in Paragraph 101 are denied.

102.

The allegations contained in Paragraph 102 are denied and/or are denied for lack of sufficient information to justify a belief therein.

103.

The allegations contained in Paragraph 103 are denied and/or are denied for lack of sufficient information to justify a belief therein. DP Aggregates specifically avers that the referenced Factoring Agreement is the best evidence of the terms thereof.

104.

The allegations contained in Paragraph 104 are denied and/or are denied for lack of sufficient information to justify a belief therein.

105.

The allegations contained in Paragraph 105 are denied and/or are denied for lack of sufficient information to justify a belief therein.

106.

The allegations contained in Paragraph 106 are denied.

107.

The allegations contained in Paragraph 107 are denied.

**AND NOW**, further answering the Complaint for Damages of Genesis, DP Aggregates avers as follows:

## SECOND DEFENSE

DP Aggregates avers that Genesis' damages, if any, were caused by Genesis' sole fault and/or contributory fault which is pleaded herein as a bar to and/or mitigation to any damages which Plaintiff might be entitled to receive.

## THIRD DEFENSE

DP Aggregates contends that Genesis is liable for misrepresentation, fraud in the inducement, and/or detrimental reliance.

## FOURTH DEFENSE

Genesis failed to mitigate its damages, and therefore any recovery to which it might be entitled, the entitlement to which recovery is expressly denied, should be reduced.

## FIFTH DEFENSE

The purported agreements between AmeriFactors and DP Aggregates do not form a valid or binding contract due to a failure of consideration and/or a failure of cause, and because they do not comply with the requirements for such agreements pursuant to Louisiana law.

## SIXTH DEFENSE

Genesis assumed the risk of contracting with AmeriFactors. Genesis assumed the risk of the manner in which it elected to fulfill the Barge Transportation Agreement.

## SEVENTH DEFENSE

DP Aggregates denies that Genesis suffered any damages as alleged in the Complaint. However, should it be found that Genesis did sustain damages under the circumstances outlined in the Complaint, which is expressly denied, DP Aggregates affirmatively pleads the defenses of accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; set-off; laches; license; payment; release; *res judicata*; statute of frauds; statute of limitations; and waiver.

## EIGHTH DEFENSE

DP Aggregates specifically denies that it owes any duty to Genesis, that it has committed any wrongdoing whatsoever, and that it has caused any loss whatsoever to Genesis.

## NINTH DEFENSE

In the event that it is discovered that Genesis has received benefits from some other source, DP Aggregates pleads set-off.

## TENTH DEFENSE

DP Aggregates avers that any injuries or damage sustained by Genesis were caused by others for whom DP Aggregates is neither responsible nor liable.

**ELEVENTH DEFENSE**

DP Aggregates is entitled to tort indemnity and contribution from Genesis and any other parties deemed liable from this incident.

**TWELFTH DEFENSE**

Genesis has failed to join the necessary and/or indispensable parties.

**THIRTEENTH DEFENSE**

DP Aggregates specifically avers that any and all contracts, agreements, documents, etc. are the best evidence of the contents and terms thereof.

**FOURTEENTH DEFENSE**

The purported agreements/contracts between AmeriFactors and DP Aggregates are invalid for failure of cause, failure of consideration, and/or because they fail to comply with the mandates of Louisiana law.

**FIFTEENTH DEFENSE**

DP Aggregates specifically denies that any demurrage is owed to Genesis pursuant to the express terms of the contract.

**SIXTEENTH DEFENSE**

DP Aggregates specifically denies that Genesis performed or caused to be performed any work outside of the scope of the Barge Transportation Agreement, or that DP Aggregates is liable directly for any of the costs incurred by Genesis in the performance of the Barge Transportation Agreement.

### SEVENTEENTH DEFENSE

DP Aggregates specifically denies that any promise of future business and/or a future business relationships between DP Aggregates and Genesis was ever made. DP Aggregates further denies that such a promise, if made, is actionable in Louisiana.

### EIGHTEENTH DEFENSE

DP Aggregates specifically denies that it, or any of its employees, have defamed Genesis.

### NINETEENTH DEFENSE

DP Aggregates relied to its detriment on Genesis' promises to pay its subcontractors.

### TWENTIETH DEFENSE

DP Aggregates reserves all rights to plead additional affirmative defenses as this matter progresses.

**WHEREFORE**, Dunham-Price Group, LLC and DP Aggregates, LLC pray that their Answer be deemed good and sufficient, and that after due proceedings are had, that there be judgment herein in favor of DP Aggregates and against Genesis Venture Logistics, LLC, dismissing their claims against DP Aggregates with prejudice and at their sole cost, plus all costs, attorney's fees, and all general and equitable relief to which DP Aggregates may otherwise be entitled in this litigation.

Respectfully submitted,

/s/ Heather L. Kirk

JEFFERSON R. TILLERY (#17831)
C. BARRETT RICE (#30034)
HEATHER L. KIRK (#35192)
JONES WALKER LLP
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana  70170-5100
Telephone: (504) 582-8616
Telecopier: (504) 589-8616
jtillery@joneswalker.com
brice@joneswalker.com
hkirk@joneswalker.com

**Attorneys for Defendants,
Dunham-Price Group, LLC and DP
Aggregates, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of

record by filing the same in this Court's CM/ECF system this 15th day of November, 2019.

/s/ Heather L. Kirk

HEATHER L. KIRK (#35192)